1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    OLGA FOLTZ,                                    CASE NO. CV F 10-2414 LJO DLB

12                         Plaintiff,               **ORDER ON DEFENDANT'S F.R.Civ.P. 12(b)(6)**
                                                    **MOTION TO DISMISS FIDUCIARY**
13            vs.                                   **DUTY CLAIM**
                                                    (Doc. 8.)
14    MINNESOTA LIFE INSURANCE
      COMPANY,
15
                             Defendant.
16    _____/

17                                    **INTRODUCTION**

18          Defendant Life Insurance Company ("Minnesota Life") seeks to dismiss plaintiff Olga Foltz'

19    ("Mrs. Foltz'") fiduciary duty claim as barred in the absence of a fiduciary duty owed by an insured to

20    an insured.  Mrs. Foltz does not oppose dismissal of her fiduciary duty claim.  This Court considered

21    Minnesota Life's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the February 23,

22    2011 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court this Court

23    DISMISSES Ms. Foltz' fiduciary duty claim.

24                                    **BACKGROUND**

25          In 2006, Minnesota Life issued a joint mortgage life/disability policy ("policy") to Mrs. Foltz and

26    her now deceased husband Gilbert Foltz ("Mr. Foltz").  After Mr. Foltz passed away in 2008, his estate

27    submitted a life claim to Minnesota Life which determined that Mr. Foltz was ineligible for coverage

28    at the time of his September 2006 application because he denied treatment for kidney disease in the two

                                              1

1    years prior to execution of his application.  Minnesota Life claims that Mr. Foltz' medical records

2    indicated he had been treated for kidney diseases during the two-year good health period.  Minnesota

3    Life rescinded the policy and denied coverage for Mr. Foltz' claim.

4         On July 20, 2010, Mrs. Foltz filed this action which Minnesota Life removed to this Court.  Mrs.

5    Foltz' complaint seeks relief for breaches of the policy and Minnesota Life's fiduciary duty.  The

6    complaint's second claim alleges that Minnesota Life breached its "fiduciary duty to pay such benefits,

7    to disclose all material facts to plaintiff, and to act, at all times, with the utmost care with respect to

8    handling claims."  The complaints seeks recovery of the $74,000 policy limits, special, general and

9    punitive damages, and attorney fees.

10                                   **DISCUSSION**

11                    **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

12        Minnesota Life seeks to dismiss the fiduciary duty claim in that under California law, an insurer

13   -insured relationship is not fiduciary.

14        A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

15   forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

16   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

17   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

18   support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

19   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

20   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

21   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

22   *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

23        In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light

24   most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

25   whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

26   *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as

27   true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

28   *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court

1   "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel.*

2   *Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the

3   [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways

4   that have not been alleged." *Associated General Contractors of California, Inc. v. California State*

5   *Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A complaint "must contain either

6   direct or inferential allegations respecting all the material elements necessary to sustain recovery under

7   some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1969 (2007)

8   (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). A court need not

9   permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment."

10  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

11          With these standards in mind, this Court turns to Minnesota Life's challenges to the fiduciary

12  duty claim.

13                                          **Fiduciary Duty**

14          Minnesota Life holds Mrs. Foltz to establish that Minnesota Life owed and breached a fiduciary

15  duty. "The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary

16  relationship, (2) its breach, and (3) damage proximately caused by that breach." *Mendoza v. Rast*

17  *Produce Co., Inc.,* 140 Cal.App.4th 1395, 1405, 45 Cal.Rptr.3d 525 (2006) (citing *City of Atascadero*

18  *v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 68 Cal.App.4th 445, 483, 80 Cal.Rptr.2d 329 (1998);

19  *Pierce v. Lyman,* 1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236 (1991)).

20          Minnesota Life notes that the complaint alleges an insurer-insured relationship which does not

21  give rise to fiduciary duties in that "California courts have refrained from characterizing the

22  insurer-insured relationship as a fiduciary one." *Tran v. Farmers Group, Inc.*, 104 Cal.App.4th 1202,

23  1211, 128 Cal.Rptr.2d 728 (2002); *see Vu v. Prudential Property & Casualty Ins. Co.,* 26 Cal.4th 1142,

24  1151, 113 Cal.Rptr.2d 70 (2001) (insurer's duties do not give rise to a fiduciary relationship).

25  "California law does not recognize a cause of action for breach of fiduciary duty against an insurer."

26  *Griffin v. Allstate Ins. Co.,* 920 F.Supp. 127, 131 (C.D. Cal. 1996) (citing *Hassard, Bonnington, Roger*

27  *& Huber v. Home Ins. Co.*, 740 F.Supp. 789, 792 (S.D. Cal.1990)). The California Court of Appeal has

28  explained the absence of a fiduciary relationship between an insurer and insured:

3

Unique obligations are imposed upon true fiduciaries which are not found in the insurance relationship. For example, a true fiduciary must first consider and always act in the best interests of its trust and not allow self-interest to overpower its duty to act in the trust's best interests. . . . An insurer, however, may give its own interests consideration equal to that it gives the interests of its insured . . .; it is not required to disregard the interests of its shareholders and other policyholders when evaluating claims . . .; and it is not required to pay noncovered claims, even though payment would be in the best interests of its insured . . . .

*Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1148-1149, 271 Cal.Rptr. 246 (1990); *California Service Station and Auto. Repair Ass'n v. American Home,* 62 Cal.App.4th 1166, 1173, 73 Cal.Rptr.2d 182 (1998) ("relationship between an insurer and a prospective insured is not a fiduciary relationship").

Minnesota Life concludes that the fiduciary duty claim is subject to dismissal with prejudice. Minnesota Life is correct, and Mrs. Foltz appears to concede as much with her non-opposition to Minnesota Life's motion to dismiss. As such, the fiduciary duty claim is subject to dismissal.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.    DISMISSES with prejudice the complaint's (second) breach of fiduciary duties claim; and

2.    ORDERS Minnesota Life, no later than February 21, 2011, to file an answer to the remainder of the complaint.

IT IS SO ORDERED.

**Dated:    February 9, 2011**                    /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE